# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SMS FINANCIAL XXVII, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALLISON S. DAVIS, ) <br> ) <br> Defendant. ) | Case No. 15 C 8166 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

New City Bank (the Bank) made three loans to various borrowers, all of which were personally guarantied by Allison Davis. The borrowers stopped making payments, and the loans were eventually assigned to SMS Financial XXVII, LLC (SMS Financial). SMS Financial filed suit against Davis to recover on the guaranties. SMS Financial has moved for summary judgment. For the reasons stated below, the Court grants SMS Financial's motion for summary judgment on the issue of Davis's liability and reserves the determination of damages pending a further submission.

## Background

In June 2004, the Bank extended a loan to Davis Associates Managers, LLC and Davis for $250,000. Davis also personally guarantied payment of the loan. In July 2006, the Bank extended another loan to Evans Improvement Association, LLC for $300,000. Davis again personally guarantied payment of the loan. In January 2007, the Bank extended a loan to Davis Associates Managers, LLC; Victory 2005, LLC; and

86th Ashland, LLC for $1,100,000. Davis personally guarantied payment of the loan.

In March 2012, the Illinois Department of Financial and Professional Regulation closed the Bank, and the FDIC was named as receiver. In July 2012, the borrowers for each loan stopped making payments. In October 2012, the FDIC arranged to sell the loans and their accompanying guaranties to SMS Financial. That same month, the FDIC granted power of attorney to two employees of SMS Financial, Jonathan Hoffer and Jonathan Harris, for the purpose of assigning these three loans to SMS Financial. In December 2012, Hoffer executed three allonges, which assigned the loans to SMS Financial.

After receiving the loans, SMS Financial filed suit in the Circuit Court of Cook County against the borrowers for breach of the loan agreements. In those suits, SMS Financial submitted affidavits of Benjamin Myers, an affiliate of SMS Financial who managed the loans. The state court ultimately found in favor of SMS Financial and entered three judgments against the borrowers, in the amounts of $347,474.00; $361,828.90; and $1,184,446.06.

SMS Financial then filed this suit to recover these same amounts from Davis based on her personal guaranty of each loan. SMS Financial has moved for summary judgment, arguing that there is no genuine dispute on whether Davis is obligated to pay for these defaulted loans. In its motion, SMS Financial seeks in damages the value of the judgments awarded in state court, interest as provided under 725 ILCS 5/2-1303, and reasonable attorneys' fees and costs. In response, Davis argues that there is a genuine dispute on whether SMS Financial is the lawful holder of the loans and thus has standing to recover payment.

**Discussion**

In reviewing a motion for summary judgment, the Court views all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 469 (7th Cir. 2001). Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *United Cent. Bank v. KMWC 845, LLC*, 800 F.3d 307, 310 (7th Cir. 2015). "Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012).

To enforce a guaranty under Illinois law, the court must find "proof of the original indebtedness, the debtor's default and the guarantee." *Mid-City Indus. Supply Co. v. Horowitz*, 132 Ill. App. 3d 476, 483, 476 N.E.2d 1271, 1277 (1985). The evidence provided by SMS Financial shows there is no genuine dispute on any of these issues. SMS Financial has provided documentation of the loans from the Bank to the various borrowers, and Davis admits that the loans are valid. *See* Pl.'s Stat. of Undisputed Material Facts (SUDF), Exh. 1 (Myers Affid.) at Exhs. A, E, H; Def.'s Resp. to Pl.'s SUDF ¶ 5, 12, 19. Davis further admits that the loans are in default. Def.'s Resp. to Pl.'s SUDF ¶ 31, 37, 43. Finally, SMS Financial has provided documentation that shows Davis is personally liable on each of the loans: Davis is a named borrower on one of the loans and personally guarantied all three loans. *See* Myers Afffid. at Exhs. D, E, J; Compl. at Exh. 3. Further, Davis admits that she is personally liable on each loan. Def.'s Resp. to Pl.'s SUDF ¶ 9–10, 16–17, 21–22. Thus there is no dispute on

3

whether the personal guaranties can be enforced against Davis.

Davis argues primarily that SMS Financial does not have standing to enforce the guaranties because the assignment of the guaranties was invalid. In Illinois, guaranties are generally non-assignable. *See Harris Tr. and Sav. Bank v. Stephans*, 97 Ill. App. 3d 683, 686, 422 N.E.2d 1136, 1139 (1981). This, however, is not a rigid rule; it is applied only where "the essentials of the original contract have been changed and the performance required of the principal is materially different from that first contemplated." *Id.* at 687–87, 422 N.E.2d at 1139. Illinois courts have held that the sale of a loan to another bank does not discharge a guaranty where the guaranty of repayment of the loan expressly contemplated assignment. *See, e.g.*, *FDIC v. O'Malley*, 249 Ill. App. 3d 340, 356, 618 N.E.2d 818, 830 (1993). The guaranties at issue in this case expressly contemplated assignment. Specifically, the guaranties authorized the Bank to "sell, transfer, assign or grant participations in all or any part of the Indebtedness; and . . . to assign or transfer this Guaranty in whole or in part." *See, e.g.*, Myers Affid., Exh. D. The FDIC's sale of the loan and the guaranties did not materially alter Davis's obligations under the guaranties and therefore did not discharge the guaranties.

Davis argues, however, that the underlying assignment was invalid, making SMS unable to enforce the guaranty obligations. Davis offers two reasons: 1) one set of power of attorney forms executed by the FDIC authorized Hoffer and Harris to assign the loans only to a different entity and not to SMS Financial; and 2) the power of attorney forms indicate that the power terminates if the designee's employment with SMS Financial terminates, and Myers testified that SMS Financial has never had any employees. *See* Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. ¶¶ 6–13. The

4

evidence shows, however, that these facts are insufficient to give rise to a genuine dispute over whether SMS Financial is the holder of the loans and the guaranties.

It is true that, in his affidavit to the state court, Myers submitted a document in which the FDIC authorized the designated attorneys-in-fact to sign the loans over to SMS Financial JDC, LP, a different entity than the plaintiff in this case. *See* Def.'s Statement of Additional Facts (SAF), Davis Affid. at 15, 29, 43. But Myers later filed a supplemental affidavit stating that he submitted those documents in error. *See* Pl.'s Resp. to Def.'s SAF, Exh. A. Myers also submitted a second set of similar power of attorney forms, by which the FDIC authorized the same Attorneys-in-Fact to sign the loans over to SMS Financial. *See id.* The FDIC executed the first set of documents in July 2012; it executed the second set in October 2012. Hoffer executed the allonges in December 2012. Therefore by the time that Hoffer assigned the loans to SMS Financial in December, he clearly had the authority to do so. There is no genuine dispute as to whether, at that time, Hoffer was authorized to assign the loans to SMS Financial.

Davis's argument based on the language of the power of attorney itself is likewise insufficient to defeat summary judgment. The October 2012 power of attorney forms designate two "Employee(s) of SMS Financial," Hoffer and Harris, as the attorneys-in-fact. Myers Affid., Exh. P. The forms also indicate that the limited power of attorney shall be immediately revoked "upon the termination of employment from SMS Financial." *Id.* Myers testified in a deposition for the related state court cases that SMS Financial "has never had any employees." Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J., Myers Dep. at 89:25. Davis argues, therefore, that Hoffer never had the authority to execute the allonges that assigned the loans to SMS Financial, as he was never an

5

employee of SMS Financial. Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. at ¶ 13. Hoffer did, however, maintain a relationship with SMS Financial. SMS Financial is a manager-managed LLC with a single manager, SMS Management, LLC (SMS Management). Myers Affid. ¶ 2. SMS Management is also a manager-managed LLC. *Id.* Hoffer is a current member and manager of SMS Management. *Id.* ¶ 23. Hoffer therefore has a relationship with SMS Financial as contemplated by the power of attorney forms. Further, the evidence provided by SMS shows that this relationship existed at the time Hoffer executed the allonges, and Davis has failed to present any evidence to the contrary. The Court concludes that Hoffer had the authority to assign the loans to SMS Financial in December 2012, and the assignment was valid; no reasonable fact-finder could find otherwise.

Davis has not presented evidence from which a reasonable fact-finder could conclude that SMS Financial lacks standing to enforce the guaranties. The evidence shows that the Bank made three loans to various borrowers, the borrowers defaulted on the loans, and Davis personally guarantied each loan. The FDIC sold the loans to SMS Financial and lawfully gave power of attorney to Hoffer, who then assigned the loans to SMS Financial. SMS Financial therefore has standing to collect on Davis's guaranties.

**Conclusion**

For the foregoing reasons, the Court grants SMS Financial's motion for summary judgment [dkt. no. 28] on the issue of Davis's liability under the personal guaranties. SMS Financial is directed to submit a succinct statement of its damages, including the method by which they are calculated, by no later than November 29, 2016. The case is set for a status hearing on December 1, 2016 at 9:30 a.m. for the purpose of entry of a

final judgment.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 21, 2016